**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW SCOTT TACKEBURY,

     Petitioner,                  Civil No. 04-CV-70962-DT
                                   HONORABLE GERALD E. ROSEN
v.                              UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

     Respondent,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Andrew Scott Tackebury, ("petitioner"), presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for first-degree home invasion, M.C.L.A. 750.110a(2); kidnaping, M.C.L.A. 750.349; felonious assault, M.C.L.A. 750.82; carrying a dangerous weapon, M.C.L.A. 750.226; assault with intent to murder, M.C.L.A. 750.83; killing or torture of animals, M.C.L.A. 750.50b; and being a second habitual offender, M.C.L.A. 769.10. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court. Direct review of petitioner's conviction ended on October 30, 2000, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Tackebury*, 463 Mich. 901; 618 N.W. 2d 914 (2000).

On August 7, 2001, petitioner filed a petition for writ of habeas corpus with this Court, which was dismissed without prejudice on November 13, 2001, because the petition contained claims which had not been exhausted with the state courts. *Tackebury v. Jackson,* U.S.D.C. 01-73237-DT (E.D. Mich. November 13, 2001).

Petitioner subsequently filed a post-conviction motion for relief from judgment with the state trial court, which was denied. *People v. Tackebury,* 97-014075 (Saginaw County Circuit Court, March 28, 2002). On September 13, 2002, the Michigan Court of Appeals denied petitioner leave to appeal. *People v. Tackebury,* 241859 (Mich.Ct.App. September 13, 2002). The Michigan Supreme Court denied petitioner's application for leave to appeal as being untimely, because the application had been filed outside of the fifty six day time period for filing such applications.

The instant petition was signed and dated September 30, 2004. [1]

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 30, 2004, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeals with the Michigan courts were completed on October 30, 2000, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on January 28, 2001, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner therefore had until January 28, 2002 to timely file his petition in compliance with the statute of limitations unless the one year period was somehow tolled.

In the present case, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan on August 7, 2001, after one hundred and ninety one days had elapsed under the one year statute of limitations. The petition was dismissed without prejudice on November 13, 2001. The U.S. Supreme Court has held that an application for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas

4

cases found in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). In his concurring opinion, however, Justice Stevens, joined by Justice Souter, concluded that neither the U.S. Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183. This Court believes that petitioner is entitled to the equitable tolling of the statute of limitations during the period in which his prior habeas petition was pending in the federal court. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004); *Corbin v. Straub,* 156 F. Supp. 2d 833, 837 (E.D. Mich. 2001).

Petitioner filed a motion for relief from judgment with the state trial court on December 3, 2001, after twenty more days had elapsed under the statute of limitations. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Matthews v. Abramajtys*, 39 F. Supp. 2d 871, 874 (E.D. Mich. 1999). The statute of limitations was tolled pursuant to 28 U.S.C. 2244(d)(2) at least through the Michigan Court of Appeals' denial of his application for leave to appeal on September 13, 2002. Although petitioner's subsequent application for leave to appeal to the Michigan Supreme Court was rejected as untimely, for purposes of § 2244(d)(2), the term "pending" includes the time for seeking discretionary review of a post-conviction motion, whether or not the discretionary review is sought. *Swartz*

5

*v. Meyers*, 204 F. 3d 417, 421 (3ʳᵈ Cir. 2000).  Regardless of whether a petitioner actually appeals a denial of a post- conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law. *Gibson v. Klinger*, 232 F. 3d 799, 804 (10ᵗʰ Cir. 2000).  Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *See Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999).  Thus, the time between when the Michigan Court of Appeals denied petitioner's application for leave to appeal on September 13, 2002 and the November 8, 2002 deadline for filing an application for leave to appeal with the Michigan Supreme Court should be tolled pursuant to § 2244(d)(2). *Swartz,* 204 F. 3d at 421.  Petitioner's post-conviction motion would cease to be pending, for purposes of tolling the statute of limitations, no later than November 8, 2002, when petitioner failed to timely seek leave to appeal with the Michigan Supreme Court. *Williams v. Cain*, 217 F. 3d 303, 309-10 (5ᵗʰ Cir. 2000).

Even giving petitioner the benefit of all of the above dates, his current habeas petition is untimely.  Between the time that the one year statute of limitations began to run on January 28, 2001 and the filing of the first habeas petition on August 7, 2001, some one hundred and ninety one days had already elapsed under the one year statute of limitations.  After the first habeas petition was dismissed, another twenty days ran on the statute of limitations.  After petitioner filed his post-conviction

6

motion in the state courts, the limitations period remained tolled, pursuant to §
2244(d)(2), throughout the period that petitioner's state post-conviction proceedings
remained pending in the state courts.  The tolling of the limitations period in this case
ended on November 8, 2002, when the time period for petitioner to seek leave to
appeal with the Michigan Supreme Court expired.  Excluding the two hundred and
eleven days that had already run on the statute of limitations, petitioner had one
hundred and fifty four days remaining, or in this case, until April 10, 2003, to timely
file his application for habeas relief.  Because the instant petition was not filed until
September 30, 2004, the petition is untimely. [2]

Petitioner argues that respondent's motion for summary judgment should be
denied because respondent has failed to show any prejudice to his case from the
delay in filing the petition.  Although before the enactment of the AEDPA a
respondent had to show prejudice in order to obtain a dismissal of a habeas petition
pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases, § 2244(d)(1)
does not require the respondent to show that the state has been prejudiced by the
delay. *See Wyzykowski v. Department of Corrections,* 226 F. 3d 1213, 1216 (11th
Cir. 2000); *See also  Fairly v. Newland,* 48 Fed. Appx. 261, 262, n. 1 (9th Cir. 2002).

---

[2]  The Court is aware that the Sixth Circuit has held that the one year limitations period is tolled
pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States
Supreme Court of the state's final judgment on the petitioner's state post-conviction motion has expired,
regardless of whether the petitioner actually files a petition for writ of certiorari. *Abela v. Martin,* 348 F. 3d
164, 172-73 (6th Cir. 2003).  However, petitioner is not entitled to have the ninety day time period for
seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a
timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of
jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, fn. 5
(D. Hawaii 1999)(citing to *Flynt v. Ohio,* 451 U.S. 619 (1981); *Street v. New York,* 394 U.S. 576 (1969)).

To the extent that petitioner is arguing lack of prejudice in support of equitable tolling, absence of prejudice to a respondent is a factor to be considered by a federal court on habeas review only after a factor which might justify equitable tolling is identified. *See Vroman v. Brigano,* 346 F. 3d 598, 605 (6th Cir. 2003).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner claims that any delay should be excused because he was proceeding on his own and he was ignorant of the law. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002). Finally,

8

ignorance of the law does not justify equitable tolling either. *See Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

Petitioner also claims that the untimeliness of his petition should be excused under a miscarriage of justice exception because of the insufficient evidence that was presented in this case.

Recently, the Sixth Circuit held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

9

In the present case, petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists  for purposes of tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).  In this case, petitioner has failed to establish his actual innocence to the crime charged, for purposes of tolling the one year limitations period, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Holloway v. Jones,* 166 F. Supp. 2d at 1191. Accordingly, summary dismissal of the petition is appropriate. *Id.*

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  Accordingly, the Court will summarily dismiss the current petition.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

10

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.   In such a circumstance, no appeal would be warranted. *Id.*   A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period.   *Brown v. McKee,* 232 F. Supp. 2d at 770.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

11

## IV.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager